UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>and )<br>   )<br>LISA VOLLMER, )<br>   )<br>   Plaintiff-Intervenor, )<br>   )<br>   )<br>   v. )<br>   )<br>WOODLANDS AT MONTGOMERY LP, )<br>WOODLANDS AT MONTGOMERY GP )<br>LLC, KITTLE PROPERTY GROUP, )<br>INC., HOUSING AUTHORITY OF )<br>SAVANNAH, PAULA WILLIAMS, and )<br>HOUSING OPPORTUNITIES )<br>UNLIMITED SERVICES )<br>ENTERPRISE, INC., )<br>   )<br>   Defendants. )<br>_____ ) | Case No. 4:24-cv-00071-RSB-CLR |

**CONSENT ORDER AMONG THE UNITED STATES, LISA VOLLMER, AND HOUSING OPPORTUNITIES UNLIMITED SERVICES ENTERPRISE, INC.**

**I.    INTRODUCTION**

1.     On April 11, 2024, the United States commenced this action to enforce provisions of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, on behalf of Plaintiff-Intervenor Lisa Vollmer.

2.     The United States alleges that Plaintiff-Intervenor Lisa Vollmer is a person with a disability within the meaning of the FHA as, among other things, she uses a wheelchair for mobility. *See* 42 U.S.C. § 3604(h).

1

3. On June 18, 2024, the Court granted Lisa Vollmer's motion to intervene in this case.

4. Defendant Housing Opportunities Unlimited Services Enterprise, Inc. ("HOU") provided relocation services from Ms. Vollmer's former home to Woodlands Apartments.

5. The United States, Ms. Vollmer, and HOU (collectively, "the Parties") agree that the claims against HOU should be resolved without further proceedings or a trial. HOU expressly denies any liability, wrongdoing, or violation of any law, rule, regulation, or order of any kind. The Parties agree that the payment and provisions provided for herein do not constitute an admission of liability or wrongdoing.

## II. INJUNCTION AGAINST DISABILITY DISCRIMINATION

6. HOU agrees to comply with the laws that apply to it, including laws related to disability discrimination, and agrees to provide reasonable accommodations and modifications and engage in the interactive process, to the extent it is in an appropriate position to be a decision maker to do so. HOU agrees and acknowledges that it shall not engage in disability discrimination in violation of the Fair Housing Act.

## III. MANDATORY EDUCATION AND TRAINING

7. For the purposes of this section, HOU employees whose duties include interacting with tenants to provide relocation services are considered "Covered Employees."

8. Within ninety (90) days of entry of this Consent Order, the Covered Employees described in paragraph 7 shall attend, at HOU's expense, a fair housing training program that includes the provisions of the FHA against disability discrimination. The training shall be conducted by a qualified third party, approved in advance by the United States, and unconnected to HOU, its employees, agents, or counsel. The training may be in-person or virtual.

9. Any new Covered Employees hired to work with or for HOU will attend fair housing training consistent with the requirements of paragraph 8 within 60 days of the start of their employment at HOU's cost.

10. All persons required to attend fair housing training under this Agreement shall, within 30 days of completing the training, sign an acknowledgement that they have participated in the training and that they understand and acknowledge the duties and responsibilities under the FHA. This shall take the form of Appendix A to this Consent Order and at the end of each reporting period shall be sent via email to Mary Rosenberg at mary.e.rosenberg@usdoj.gov and Woelke Leithart at wleithart@usdoj.gov.

### IV. NONDISCRIMINATION POLICY

11. HOU shall ensure that any new advertising for any housing-related programs it administers, in any media, including newspapers, television, the internet, or social media, and any new advertising signs, pamphlets, brochures, rental applications, and other promotional literature include a fair housing logo, the phrase "Equal Opportunity Housing Provider," and this language:

> We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, religion, sex, disability, familial status, or national origin.

### V. REASONABLE ACCOMMODATION AND MODIFICATION POLICIES

12. HOU shall adopt the Reasonable Accommodation and Modification Policy set forth in Exhibit C to this Consent Order. The effective date of the adoption of the policy by HOU will be the date of entry of this Consent Order.

13. HOU agrees to maintain records of any resident who requests a reasonable accommodation from HOU, including the (a) the name, address, and telephone number of the

person making the request; (b) the date the request was received; (c) the nature of the request; (d) in the case of a reasonable accommodation request related to the relocation process and within the control of HOU, whether the request was granted or denied, and in the case of a denial, the reason for the denial; (e) in the case of a reasonable accommodation or modification request for the relocation property, the date the request was communicated to the relocation property, and the contact person at the relocation property that received the request.

## VI.     REPORTING AND RECORDKEEPING

14. HOU shall notify and provide documentation to the United States of the following events:

   a. Adoption of the Reasonable Accommodation and Modification Policy described in Section V of this Consent Order;

   b. Implementation of any change to the Reasonable Accommodation and Modification Policy;

   c. Completion of the initial training for existing employees required under Section III of this Consent Order;

   d. Posting of the nondiscrimination policy required under Section IV of this Consent Order;

   e. Denial of a reasonable accommodation or modification request, including (a) the name, address, and telephone number of the person making the request; (b) the date the request was received; (c) the nature of the request; (d) the date the request was responded to; and (e) the reason for the denial. This paragraph shall apply only to denials related to the relocation process as provided for in Section V, paragraph 13(d), of this Consent Order.

   f. Any written complaint to HOU regarding discrimination based on disability under the FHA, including a copy of the written complaint itself, and the name address, telephone number, and email address of the complainant, and, if applicable, information concerning the resolution of the complaint.

  15. HOU shall be responsible for the preparation of compliance reports every six months beginning six months from the entry of this Consent Order and continuing every six months thereafter, except that the final report shall be submitted 60 days before the expiration of the Consent Order. The compliance report shall include: (a) copies of any new advertising as identified in paragraph 11 of this Consent Order adopted since the effective date of this Consent Order or the submission of the prior compliance report; and (b) a list of all reasonable accommodation or modification requests submitted to HOU by residents or prospective residents, as provided for in paragraphs 13 (d) and (e), since the effective date of this Agreement or the submission of the prior compliance report.

  16. HOU shall preserve all records related to its obligations under this Consent Order. The United States shall be permitted, upon providing reasonable notice to HOU, to inspect and copy at reasonable times any and all records related to HOU's obligations under this Consent Order.

  17. For the purposes of this Section, Defendant HOU's first compliance report shall contain the reporting requirements covered in paragraph 14, sections (a)-(d). Subsequent reports shall also contain the topics contained in paragraph 14, sections (e) and (f), and paragraph 15. The contents of any report regarding paragraph 14 sections (e) and (f) and Paragraph 15 shall be limited to new or existing contracts or projects that involve relocation of residents in Georgia, Florida, or Alabama.

## VII. RELIEF FOR PLAINTIFF-INTERVENOR LISA VOLLMER

18. Within 14 days of entry of this Consent Order, HOU shall pay $17,500 in damages to Lisa Vollmer and attorney's fees to Ms. Vollmer's counsel by delivering Ms. Vollmer's counsel a check for $14,167 payable to Lisa Vollmer, and a check for $3,333 payable to Alison Slagowitz, to Slagowitz Law, P.C.; 5605 Sweetbriar Circle; Savannah, GA 31406.

19. Ms. Vollmer shall execute a release of all claims she may have against HOU through the date of this Consent Order in the form of Appendix B. When Ms. Vollmer's counsel has received the check payable to Ms. Vollmer, and the signed release from Ms. Vollmer, she will deliver the check to Ms. Vollmer and the original, signed release to counsel for HOU within 30 days.

## VIII. JURISDICTION, DURATION, AND SCOPE

20. The parties stipulate, and the Court finds, that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and under 42 U.S.C. § 3612(o).

21. This Consent Order is effective immediately upon its entry by the Court and shall remain in effect for two years from the date of its entry.

22. The Court shall retain jurisdiction over this action to enforce the terms of the Consent Order.

23. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

24. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event HOU fails to perform in a timely manner any act required by this Consent Order or act in violation of any provision of this Order,

6

the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or nonperformance of certain acts and an award of damages, costs, and reasonable attorneys' fees that may have been occasioned by HOU's violation or failure to perform.

25. The United States may take steps to monitor HOU's compliance with this Consent Order, including conducting fair housing tests of programs overseen by HOU.

26. The reasonable accommodation and modification policy in Exhibit C shall apply to all contracts or projects that involve relocation of residents. The initial training requirements of Section III shall apply to all current Covered Employees, and the subsequent training requirements of Section III shall apply to all new Covered employees within the states of Georgia, Alabama, and Florida.

### IX.     COSTS OF LITIGATION

27. Except as provided for in Paragraph 18 and 24, all parties shall be responsible for their own attorneys' fees and costs associated with this action.

### X.     TERMINATION OF LITIGATION HOLD

28. The parties agree that, as of the effective date of this Consent Order, litigation is still reasonably foreseeable concerning the matters described in the United States' Complaint as to the remaining Defendants. To the extent that HOU previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, it shall maintain such a litigation hold until the above-captioned matter is fully resolved as to all Defendants. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

**IT IS SO ORDERED:**

**SO ORDERED**, this 24th day of February, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA


**FOR THE UNITED STATES OF AMERICA:**

Dated: February 3, 2025

| | |
|---|---|
| TARA M. LYONS<br>Acting United States Attorney | KATHLEEN WOLFE<br>Deputy Assistant Attorney General<br>Civil Rights Division |
| */s/* Woelke Leithart<br>WOELKE LEITHART<br>Idaho Bar No. 9257<br>Assistant United States Attorney<br>United States Attorney's Office<br>Post Office Box 8970<br>Savannah, Georgia 31412<br>Telephone: (912) 652-4422<br>E-mail: Woelke.Leithart@usdoj.gov | CARRIE PAGNUCCO<br>Chief<br>Housing and Civil Enforcement Section<br><br>*/s/* Mary Rosenberg<br>MICHAEL S. MAURER<br>Deputy Chief<br>MARY ROSENBERG<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M St., NE, Suite 800<br>Washington, D.C. 20530<br>Tel: (202) 710-2326<br>Fax: (202) 514-1116<br>mary.e.rosenberg@usdoj.gov |

**FOR PLAINTIFF-INTERVENOR LISA VOLLMER:**

Dated: February 3, 2025

*/s/ Alison Slagowitz*
ALISON SLAGOWITZ
GA Bar No. 401668
SLAGOWITZ LAW, P.C.
5605 Sweetbriar Circle
Savannah, Georgia 31406
(917) 494-7444
Alison@SlagowitzLaw.com
Attorney for Plaintiff-Intervenor
Lisa Vollmer

**FOR DEFENDANT HOUSING OPPORTUNTIES UNLIMITED SERVICES ENTERPRISE, INC:**

Dated: February 3, 2025

*/s/ Martin Heller*
Martin Heller
GA Bar No. 360538
Fisher & Phillips, LLP
1230 Peacthree Street NE, Suite 3300
Atlanta, Georgia 30309
mheller@fisherphillips.com
(404)240-4146

**APPENDIX A**

**CERTIFICATION AND ACKNOWLEDGMENT**

I certify that on _____ , 20\_, I received \_ \_ \_\_ minutes of training on the requirements of the federal Fair Housing Act. I understand and acknowledge my duties and responsibilities under the federal Fair Housing Act.

_____
Signature

_____
Name

_____
Job Title/Position

_____
Date

## APPENDIX B

## RELEASE OF CLAIMS

In consideration of the Consent Order among the United States, Lisa Vollmer, and Housing Opportunities Unlimited Services Enterprise, Inc., entered in *United States v. Woodlands at Montgomery LP, et al.,* No. 24-cv-00071-RSB-CLR (S.D. Ga.) ("the Civil Action"), and HOU's payment to me of Fourteen Thousand One Hundred Sixty Seven Dollars ($14,167.00) and HOU's payment of my attorney's fees in the amount of Three Thousand Three Hundred Thirty-Three Dollars ($3,333.00), I, Lisa Vollmer, hereby release HOU, its affiliated or related entities, and its employees, from any and all liability for any claims, legal or equitable, I may have against it arising out of the issues alleged in the above-referenced action through the date of this release.

The Undersigned warrants that no promise or inducement has been offered by the party being released, except as herein set forth and set forth in the Consent Order; that this Release is executed without reliance upon any statement or representation by the party released or their representatives; that the I am of legal age, am legally competent to execute this Release, and accept full responsibility for it.

I agree, as further consideration and inducement for this compromise settlement, that the settlement and release shall apply to all unknown and unanticipated injuries and damages resulting from the allegations I have made or could have made in the Civil Action against HOU.

I warrant and represent that no other person, firm, hospital, corporation or government agency/entity that has made any payments for any medical care that I have received or government agency/entity under whose program I may have received medical care is entitled to any claim whatsoever growing out of the events described in the Civil Action, and that I will indemnify and

hold harmless the party released from any and all claims which might arise from the aforesaid event. This agreement to indemnify includes, but is not limited to, any claims that might be made against the party released herein through subrogation claims or assignments asserted by entities which have provided medical benefits to me. This agreement to indemnify is intended to apply, even though the party released may be alleged, or found, to have been the sole, negligent cause of the incident and any injuries or damages resulting from it.

    I hereby acknowledge that I have read and understood this Release and executed it freely and voluntarily with full knowledge of its legal consequences.

_____

Lisa Vollmer

_____

Date

# APPENDIX C

## HOUSING OPPORTUNITIES UNLIMITED SERVICES ENTERPRISE, INC. REASONABLE ACCOMMODATION AND MODIFICATION POLICY

1.      It shall be the policy of Housing Opportunities Unlimited Services Enterprise, Inc. ("HOU") to make or permit reasonable accommodations in their relocation services so that disabled individuals who use their relocation services shall have an equal opportunity to use and enjoy housing. HOU shall also ask residents they are relocating (a) whether they currently have or need a reasonable accommodation or modification in their current residence; and (b) whether they anticipate needing a reasonable accommodation or modification in the residence HOU intends to relocate the resident to.

2.      A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

3.      A "reasonable modification" is any change to the public or common use areas of a building or any change to a dwelling unit necessary to afford a person with a disability full use and enjoyment of the premises.

4.      HOU shall include language identifying a contact person for reasonable accommodations in their relocation services on all advertisements as well as on all documents or forms given to relocating residents. The language shall be, "If you need a reasonable accommodation in receiving relocation services, contact [name] [phone number] [email]."

5.      A sign shall be placed in any HOU office open to the public indicating how requests for reasonable accommodations should be made. The sign shall read, "It is HOU's policy to make or permit reasonable accommodations so that people with disabilities have an

equal opportunity to use and enjoy housing. If you need a reasonable accommodation, contact [name] [phone number] [email]."

Reasonable Accommodations and Modifications at the Relocated Property

6. As described in paragraph one, HOU employees shall ask each individual HOU assists with relocation whether the individual has any disability-related housing needs relating to the relocation process itself and to the new unit, the first time they meet with the individual. HOU employees shall ask this question regardless of whether the individual has an apparent disability. HOU shall also include this question on any intake form it uses for its relocation services.

7. If an individual answers in the affirmative to the question listed in paragraph 6, HOU will discuss the individual's specific disability-related housing needs to appropriately assist with relocation.

8. HOU shall communicate any responsive request for a reasonable accommodation or modification at the new property to the property manager, owner, or other appropriate contact for the property where the resident may be relocated, and shall respond to the resident identifying a contact person for the resident to communicate with regarding their request for a reasonable accommodation or modification.

9. HOU shall make every effort to communicate to the property manager, owner or other appropriate property contact those units that might be appropriate to conform to an individual's disability-related housing needs. For example, if an individual requires a unit without steps, HOU will communicate that a first-floor unit is appropriate for this resident.

<u>Reasonable Accommodations in the Relocation Process</u>

10. If HOU receives a request for a reasonable accommodation in the relocation process itself, it shall be documented by the individual who receives the request identifying the requestor's name, unit number, and date of request; detailing the reasonable accommodation requested; and indicating to whom the request was made.

11. In the event that an individual who requested a reasonable accommodation in the relocation process' disability is not obvious or known, HOU may require proof that the requestor has a disability, including asking the requestor to provide written verification from a knowledgeable professional that the requestor has a disability, but shall not require more specific information about the nature or extent of the disability than that reasonably necessary to assess the request.

12. In the event that the need for a requested accommodation in the relocation process is not obvious or known, HOU may ask the requestor how the requested accommodation or modification is necessary to accommodate the individual's disability. HOU may ask the requestor to provide written verification from a knowledgeable professional about how the requested accommodation is necessary to accommodate the requestor's disability.

13. HOU shall grant any request for a reasonable accommodation relating to relocation services unless doing so would impose an undue financial and administrative burden or would fundamentally alter the nature of its operations. All reasonable accommodation requests shall be acknowledged, in writing, within seven (7) days of receipt.

14. HOU's final decision on a request for a reasonable accommodation or modification shall be delivered to the requestor in writing as soon as is practical but, in any event, no later than fourteen (14) days after the request.

15. If an accommodation request in the relocation process is granted, the resident will not be responsible for any additional cost or fee. If an accommodation request is denied, the requestor shall be provided with the reason for the denial in writing. At a meeting within seven (7) days of the denial, HOU and the requestor shall discuss alternative accommodations or modifications that would effectively address the requestor's disability-related needs without causing a fundamental alteration or imposing an undue financial and administrative burden.

16. If HOU needs further information to make a decision on an accommodation request, it shall notify the requestor what information is outstanding in its notice of denial.

17. If the requestor believes that a request has been denied unlawfully or that the response has been delayed unreasonably, the requestor may file a complaint with the U.S. Department of Housing and Urban Development, https://www.hud.gov/fairhousing/fileacomplaint, and the U.S. Department of Justice, Civil Rights Division, https://civilrights.justice.gov/