UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>and<br><br>LISA VOLLMER,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　　　v.<br><br>WOODLANDS AT MONTGOMERY LP, WOODLANDS AT MONTGOMERY GP LLC, KITTLE PROPERTY GROUP, INC., HOUSING AUTHORITY OF SAVANNAH, PAULA WILLIAMS, and HOUSING OPPORTUNITIES UNLIMITED SERVICES ENTERPRISE, INC.,<br><br>　　　　　Defendants. | Case No. 4:24-cv-00071-RSB-CLR |

**CONSENT ORDER AMONG THE UNITED STATES; LISA VOLLMER; WOODLANDS AT MONTGOMERY LP; WOODLANDS AT MONTGOMERY GP LLC; KITTLE PROPERTY GROUP, INC.; AND PAULA WILLIAMS**

### I.   INTRODUCTION

1. On April 11, 2024, the United States commenced this action to enforce provisions of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, on behalf of Plaintiff-Intervenor Lisa Vollmer.

2. The United States alleges that Plaintiff-Intervenor Lisa Vollmer is a person with a disability within the meaning of the FHA as, among other things, she uses a wheelchair for mobility. *See* 42 U.S.C. § 3604(h).

1

3. On June 18, 2024, the Court granted Lisa Vollmer's motion to intervene in this case.

4. Defendant Woodlands at Montgomery LP is the owner of the subject property, located at 227 West Montgomery Cross Road, Savannah, GA 31406, where the alleged conduct occurred. Defendant Woodlands at Montgomery GP, LLC is Woodlands at Montgomery LP's general partner.

5. During the relevant time period, Defendant Kittle Property Group was the property management company and Defendant Paula Williams[1] was the property manager at the subject property.

6. Woodlands at Montgomery LP; Woodlands at Montgomery GP, LLC; and Kittle Property Group are referred to as the "Woodlands Defendants."

7. The United States, Lisa Vollmer, the Woodlands Defendants, and Paula Williams (hereinafter "the Parties") agree that the claims against Woodlands Defendants and Paula Williams should be resolved without further proceedings or a trial. Defendants expressly deny any liability, wrongdoing, or violation of any law, rule, regulation, or order of any kind. The Parties agree that the payment and provisions provided for herein do not constitute an admission of liability or wrongdoing.

## II. INJUNCTION AGAINST DISABILITY DISCRIMINATION

8. The Woodlands Defendants agree to comply with the laws that apply to them, including laws related to disability discrimination, and agree to provide reasonable accommodations and modifications, and engage in the interactive process. They agree and

---

[1] Paula Williams is now known as Paula Monroe.

acknowledge that they shall not engage in disability discrimination in violation of the Fair Housing Act.

### III.     MANDATORY EDUCATION AND TRAINING

9. For the purposes of this section, employees of Woodlands Defendants whose duties involve the showing, renting, managing, or marketing of rental housing or responding to requests for reasonable accommodations or modifications are considered "Covered Employees."

10. Within 90 days of the United States' approval of the fair housing training described below, the Covered Employees described in paragraph 9 shall attend, at Woodlands Defendants' expense, a fair housing training program that includes the provisions of the FHA against disability discrimination. The training shall be conducted by a qualified third party, approved in advance by the United States, and unconnected to Defendants, their employees, agents, or counsel. The training may be in-person or virtual. The Woodlands Defendants shall propose a fair housing training provider to the United States within 14 days of entry of this Consent Order via email to Mary Rosenberg at mary.e.rosenberg@usdoj.gov and Woelke Leithart at Woelke.Leithart@usdoj.gov. The United States shall respond within 14 days of notification of the identification of a third party who will be providing the training. Failure by the United States to respond within 14 days shall be deemed as approval.

11. Any new Covered Employees hired to work for the Woodlands Defendants at its properties within the State of Georgia shall attend fair housing training consistent with the requirements of paragraph 10 within 60 days of the start of their employment.

12. All persons required under to attend fair housing training shall, within 30 days of completing the training, sign an acknowledgement that they have participated in the training and that they understand and acknowledge the duties and responsibilities under the FHA. This shall

take the form of Appendix A to this Consent Order, and shall be given to the employee's supervisor. At the end of each reporting period those acknowledgements shall be sent to Mary Rosenberg via email at mary.e.rosenberg@usdoj.gov.

## IV.    NONDISCRIMINATION POLICY

13.     Within 30 days of entry of this Consent Order, the Woodlands Defendants shall post and prominently display a sign within their offices open to the public and in a prominent location on the premises of rental properties they own or operate indicating that all units are available rental on a nondiscriminatory basis. An 11-by-14-inch poster that comports with 24 C.F.R. part 110 shall satisfy this requirement. The Woodlands Defendants may use HUD Form 928 for this purpose, which is available online at https://www.hud.gov/sites/documents/928.1.PDF.

14.     The Woodlands Defendants shall ensure that any new advertising they create for rental units they own or manage in any media, including newspapers, television, the internet, or social media, any new advertising signs, pamphlets, brochures, rental applications, and other promotional literature includes a fair housing logo, the phrase "Equal Housing Opportunity" and this language or its functional equivalent:

> We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, religion, sex, disability, familial status, or national origin.

## V.    REASONABLE ACCOMMODATION AND MODIFICATION POLICY

15.     The Woodlands Defendants shall adopt at their properties within the State of Georgia the Reasonable Accommodation and Modification Policy set forth in Exhibit C to this

4

Consent Order. The effective date of the adoption of this Policy is thirty days from the date of entry of this Consent Order.

16. For each Georgia property, the Woodlands Defendants shall keep written records of each reasonable accommodation or modification request. These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date the request was received; (c) the nature of the request; (d) whether the request was granted or denied; (e) if the request was denied, the reason for the denial; and (f) the date the request was responded to.

## VI. REPORTING AND RECORDKEEPING

17. The Woodlands Defendants shall notify and provide documentation to the United States of the following events within 30 days of their occurrence:

   a. Adoption of the Reasonable Accommodation and Modification Policy described in Section V of this Consent Order;

   b. Implementation of any change to the Reasonable Accommodation and Modification Policy;

   c. Completion of the initial training for existing employees required under Section III of this Consent Order;

   d. Posting of the nondiscrimination policy required under Section IV of this Consent Order;

   e. Denial of a reasonable accommodation or modification request made under paragraph 16, including (a) the name, address, and telephone number of the person making the request; (b) the date the request was received; (c) the nature of the request; (d) the reason for the denial; (e) the date the request was responded to; and (f) the reason for the denial.

    f.  Any written complaint against the Woodlands Defendants regarding discrimination based on disability under the FHA. The Woodlands Defendants shall provide a copy of the written complaint itself, and the name, address, telephone number, and email address of the complainant, and, if applicable, information concerning the resolution of the complaint.

18.    The Woodlands Defendants shall be responsible for the preparation of compliance reports every eight months beginning eight months from entry of this Consent Order and continuing every eight months thereafter, except that the final report shall be submitted 60 days before the expiration of the Consent Order. The compliance report shall include: (a) copies of any new advertising as identified in paragraph 14 of this Consent Order adopted since the effective date of this Consent Order or the submission of the prior compliance report; and (b) a list of all reasonable accommodation or modification requests submitted to Woodlands Defendants in the State of Georgia by residents or prospective residents since the effective date of this Agreement or the submission of the prior compliance report, including the name, address, and telephone number of the person making the request; the date the request was received; the nature of the request; whether the request was granted or denied; if the request was denied, the reason for the denial; and the date the request was responded to.

19.    The Woodlands Defendants shall preserve all records related to their obligations under this Consent Order. The United States shall be permitted, upon providing reasonable notice to the Woodlands Defendants, to inspect and copy at reasonable times any and all records related to the Woodlands Defendants' obligations under this Consent Order.

## VII.   RELIEF FOR PLAINTIFF-INTERVENOR LISA VOLLMER

20. Within 14 days of entry of this Consent Order, Woodlands Defendants shall pay $16,666 in damages to Lisa Vollmer and $3,334 in attorney's fees to Ms. Vollmer's counsel by delivering Ms. Vollmer's counsel a check for $16,666 payable to Lisa Vollmer, and for $3,334 payable to Alison Slagowitz to Slagowitz Law, P.C.; 5605 Sweetbriar Circle; Savannah, GA 31406.

21. Ms. Vollmer shall execute a release of all claims she may have against the Woodlands Defendants through the date of this Consent Order in the form of Appendix B. When Ms. Vollmer's counsel has received the check payable to Ms. Vollmer, and the signed release from Ms. Vollmer, she will deliver the check to Ms. Vollmer and the original, signed release to counsel for the Woodlands Defendants within 30 days.

## VIII.   DEFENDANT PAULA MONROE

22. Defendant Paula Monroe shall attend Fair Housing Training consistent with paragraph 10 of this Consent Order within 90 days of the United States' approval of the fair housing training and provide an acknowledgement of having completed Fair Housing Training consistent with Appendix A of this Consent Order to Mary Rosenberg at mary.e.rosenberg@usdoj.gov within 30 days of having completed the training.

23. Provided that Ms. Monroe complies with paragraph 22 of this Consent Order, Plaintiff-Intervenor Lisa Vollmer hereby releases and forever discharges Paula Monroe of any and all claims, known or unknown, asserted or unasserted, which could have been asserted against Ms. Monroe in the instant case.

## IX.     JURISDICTION, DURATION, AND SCOPE

24. The parties stipulate, and the Court finds, that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and under 42 U.S.C. § 3612(o).

25. This Consent Order is effective immediately upon its entry by the Court and shall remain in effect for two years from the date of its entry.

26. The Court shall retain jurisdiction over this action to enforce the terms of the Consent Order.

27. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

28. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event Woodlands Defendants fail to perform in a timely manner any act required by this Consent Order or act in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or nonperformance of certain acts and an award of damages, costs, and reasonable attorneys' fees that may have been occasioned by the Woodlands Defendants' violation or failure to perform.

29. The United States may take steps to monitor the Woodlands Defendants' compliance with this Consent Order, including conducting fair housing tests at rental housing owned or managed by the Woodlands Defendants.

30. Unless otherwise stated in this Consent Order, the Woodlands Defendants' obligations under this Consent Order shall extend to all rental housing they own or manage, in whole or in part. For the Woodlands Defendants, the Reasonable Accommodation and

Modification Policy in Exhibit C shall apply only to its properties in the State of Georgia. The initial training requirements of Section III shall apply to all current Covered Employees, and subsequent training shall apply to new Covered employees within the State of Georgia.

31. If the Woodlands Defendants acquire a direct or indirect management or ownership interest in any residential rental property within the State of Georgia, that property shall become subject to the applicable provisions of this Consent Order. Within 30 days of acquiring that interest, the Woodlands Defendants shall notify counsel for the United States of the nature of their interest in the dwelling or property, the address of the property, and the number of individual dwelling units at the property. The Woodlands Defendants shall further provide a copy of the documents memorializing the transfer in interest.

32. If the Woodlands Defendants sell or otherwise relinquish their interest in any property subject to this Consent Order to a bona fide, independent, third-party in an arms-length transaction, that property shall cease to be subject to this Consent Order. For purposes of this paragraph, a "bona fide, independent, third-party" is one in which neither the Woodlands Defendants nor their officers, members, executives, managers, partners, employees, subsidiaries, affiliates, or agents has any current or past financial, contractual, personal, or familial relationship.

33. If the Woodlands Defendants maintain that their obligations under this Consent Order have terminated or changed because they have sold or transferred their interest in any property subject to this Consent Order to a bona-fide third party in an arms-length transaction, they shall inform the United States within 30 days of the transaction and provide the date of the sale or transfer, copies of the sale or transfer documents, and the name(s) and contact information for the transferee.

34. If any transfer of interest in any property subject to this Consent Order is not an arms-length transaction, the Woodlands Defendants shall remain jointly and severally liable, along with the transferee, for any violations of this Consent Order.

## X.  COSTS OF LITIGATION

35. Except as provided for in Paragraph 20 and 28, all parties shall be responsible for their own attorneys' fees and costs associated with this action.

## XI.  TERMINATION OF LITIGATION HOLD

36. The parties agree that, as of the effective date of this Consent Order, litigation is not reasonably foreseeable concerning the matters described in the United States' Complaint. To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

**IT IS SO ORDERED:**

**SO ORDERED**, this 224th day of February, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

**FOR THE UNITED STATES OF AMERICA:**

Dated: February 20, 2025

| | |
|---|---|
| TARA M. LYONS<br>ACTING UNITED STATES ATTORNEY<br><br>*/s/* Woelke Leithart<br>WOELKE LEITHART<br>Idaho Bar No. 9257<br>Assistant United States Attorney<br>United States Attorney's Office<br>Post Office Box 8970<br>Savannah, Georgia 31412<br>Telephone: (912) 652-4422<br>E-mail: Woelke.Leithart@usdoj.gov | KATHLEEN WOLFE<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>CARRIE PAGNUCCO<br>Chief<br>Housing and Civil Enforcement Section<br><br>*/s/*Mary Rosenberg<br>MICHAEL S. MAURER<br>Deputy Chief<br>MARY ROSENBERG<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M St., NE, Suite 800<br>Washington, D.C. 20530<br>Tel: (202) 710-2326<br>Fax: (202) 514-1116<br>mary.e.rosenberg@usdoj.gov |

**FOR PLAINTIFF-INTERVENOR LISA VOLLMER:**

Dated: February 20, 2025

*/s/ Alison Slagowitz*
ALISON SLAGOWITZ
GA Bar No. 401668
SLAGOWITZ LAW, P.C.
5605 Sweetbriar Circle
Savannah, Georgia 31406
(917) 494-7444
Alison@SlagowitzLaw.com
Attorney for Plaintiff-Intervenor
Lisa Vollmer

**FOR DEFENDANTS WOODLANDS AT MONTGOMERY LP, WOODLANDS AT MONTGOMERY GP LLC, KITTLE PROPERTY GROUP, AND PAULA WILLIAMS**:

Dated: February 20, 2025

/s/ *Craig W. Wiley*
Craig W. Wiley
Jackson Lewis P.C.
211 N. Pennsylvania Street
Suite 1700
Indianapolis, IN 46204
(317)489-6935
Craig.Wiley@jacksonlewis.com

## **APPENDIX A**

## **CERTIFICATION AND ACKNOWLEDGMENT**

I certify that on _____ , 20\_, I received \_ \_ \_\_ minutes of training on the requirements of the federal Fair Housing Act. I understand and acknowledge my duties and responsibilities under the federal Fair Housing Act.

_____

Signature

_____

Name

_____

Job Title/Position

_____

Date

## APPENDIX B

## RELEASE OF CLAIMS

In consideration of the Consent Order among the United States; Lisa Vollmer; Woodlands at Montgomery LP; Woodlands at Montgomery GP, LLC; and Kittle Property Group[2]; entered in *United States v. Woodlands at Montgomery LP, et al.,* No. 24-cv-00071-RSB-CLR (S.D. Ga.) ("the Civil Action"), the Woodlands Defendants' payment to me of Sixteen thousand, six hundred sixty-six dollars ($16,666.00) and the Woodlands Defendants' payment of my attorney's fees in the amount of Three Thousand Three Hundred Thirty-Four Dollars ($3,334.00), I, Lisa Vollmer, hereby release the Woodlands Defendants, their affiliated or related entities, and their employees, from any and all liability for any claims, legal or equitable, I may have against it arising out of the issues alleged in the above-referenced action through the date of this release.

I warrant that no promise or inducement has been offered by the party being released, except as herein set forth and set forth in the Consent Order; that this Release is executed without reliance upon any statement or representation by the party released or their representatives; that the I am of legal age, am legally competent to execute this Release, and accept full responsibility for it.

I agree, as further consideration and inducement for this compromise settlement, that the settlement and release shall apply to all unknown and unanticipated injuries and damages resulting from the allegations I have made or could have made in the Civil Action against the Woodlands Defendants.

---

[2] Woodlands at Montgomery LP; Woodlands at Montgomery GP, LLC; and Kittle Property Group are collectively referred to as the "Woodlands Defendants."

I warrant and represent that no other person, firm, hospital, corporation or government agency/entity that has made any payments for any medical care that I have received or government agency/entity under whose program I may have received medical care is entitled to any claim whatsoever growing out of the events described in the Civil Action, and that I will indemnify and hold harmless the party released from any and all claims which might arise from the aforesaid event. This agreement to indemnify includes, but is not limited to, any claims that might be made against the party released herein through subrogation claims or assignments asserted by entities which have provided medical benefits to me. This agreement to indemnify is intended to apply, even though the party released may be alleged, or found, to have been the sole, negligent cause of the incident and any injuries or damages resulting from it.

I hereby acknowledge that I have read and understood this Release and executed it freely and voluntarily with full knowledge of its legal consequences.

_____
Lisa Vollmer

_____
Date

**APPENDIX C**

**WOODLANDS DEFENDANTS'**
**REASONABLE ACCOMMODATION AND MODIFICATION POLICY**
**APPLICABLE TO GEORGIA PROPERTIES**

1. It shall be the policy of the Woodlands Defendants to make or permit reasonable accommodations and reasonable modifications so disabled residents of buildings owned and managed by the Woodlands Defendants shall have an equal opportunity to use and enjoy housing.

2. A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

3. A "reasonable modification" is any change to the public or common use areas of a building or any change to a dwelling unit necessary to afford a person with a disability full use and enjoyment of the premises.

4. The Woodlands Defendants shall include language identifying a primary contact person for tenants or prospective tenants to request a reasonable accommodation or modification on all advertisements and newly-printed brochures, forms, or documents given to tenants. The language shall be, "If you need a reasonable accommodation or modification, contact [title][phone number][e-mail]."

5. A sign shall be placed in the management office of the Woodlands Apartments and at other covered properties of the Woodlands Defendants indicating how requests for reasonable accommodations and reasonable modifications should be made. The sign shall read, "It shall be the policy of Woodlands Apartments [or other property name] to make or permit reasonable accommodations or reasonable modifications so that disabled residents of Woodlands Apartments

[or other property name] can have an equal opportunity to use and enjoy housing. If you need a reasonable accommodation or reasonable modification, contact [title][phone number][email]."

6.     Upon receipt of a request for an accommodation or modification in writing or orally from a requesting tenant or prospective tenant (the "requestor"), the request shall be forwarded to [title][phone number][e-mail]. In the event of an oral request, it shall be the responsibility of the Property Manager or their designee to document the request, which shall identify the requestor's name, unit number, date of request, and detailing the accommodation or modification requested, and indicating to whom the request was made.

7.     If a disability is not obvious or known, the Woodlands Defendants or their agents may require proof that the requestor has a disability, including asking the requestor to provide written verification from a knowledgeable professional that the requestor has a disability, but shall not require more specific information about the nature or extent of the disability than necessary to assess the request.

8.     If the need for a requested accommodation or modification is not obvious or known, the Woodlands Defendants may ask the requestor how the requested accommodation or modification is necessary to accommodate the individual's disability. Woodlands Defendants may ask the requestor to provide written verification from a knowledgeable professional about how the requested accommodation or modification is necessary to accommodate the requestor's disability.

9.     The Woodlands Defendants shall grant a request for a reasonable accommodation or modification relating to the disability unless doing so would impose an undue financial and administrative burden, or would fundamentally alter the nature of their operations.

10.    All reasonable accommodation or modification requests shall be acknowledged, in writing, within seven (7) days of receipt. In the event that the requestor uses the Woodlands

Defendants' reasonable accommodation and modification request form, a signature by a Woodlands Defendants employee shall constitute acknowledgement of the request.

11. Woodlands Defendants' final decision on a request for a reasonable accommodation or modification shall be delivered to the requestor in writing as soon as is practical but, in any event, no later than fourteen (14) days after the request. If the Woodlands Defendants do not have sufficient documentation to evaluate a request, they shall alert the requestor in writing what information is outstanding as soon as is practical but, in any event, no later than fourteen (14) days after the request.

12. The Woodlands Defendants shall have fourteen (14) days after receipt of documentation or information from a knowledgeable professional to notify the requestor of its decision on the request for an accommodation or modification.

13. If a modification request is granted, the approval will identify whether the Woodlands Defendants or the requestor will be responsible for the costs of any such modification.

14. If an accommodation request is granted, the resident will not be responsible for any additional cost or fee.

15. If an accommodation or modification request is denied, the requestor shall be provided with the reason for the denial in writing. If the request is denied or granted in part, the requestor shall have the right to request a conference within seven (7) days of actual receipt of the denial to discuss alternative accommodations or modifications that would effectively address the requestor's disability-related needs without causing a fundamental alteration or imposing an undue financial and administrative burden. The notice of the denial of the reasonable accommodation or modification shall alert the requestor to their right to a conference to discuss alternative accommodations.

16. If the Woodlands Defendants need further information to make a decision on an accommodation or modification request, they shall promptly notify the requestor what information is outstanding in its notice of denial.

17. If the requestor believes that a request has been denied unlawfully or that the response has been delayed unreasonably, the requestor may file a complaint with the U.S. Department of Housing and Urban Development, https://www.hud.gov/fairhousing/fileacomplaint, and the U.S. Department of Justice, Civil Rights Division, https://civilrights.justice.gov/